Brent R. Wilson, ISB No. 8936
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208-954-5209
Email: bwilson@hawleytroxell.com

Attorneys for TBK Bank, SSB d/b/a Triumph
Commercial Finance

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 21-00737-NGH |
| IM SERVICES GROUP, LLC, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR APPROVAL OF CARVE OUT AGREEMENT**

Creditor TBK Bank, SSB f/k/a Triumph Savings Bank, SSB d/b/a Triumph Commercial Finance ("TBK"), by and through its attorneys of record, HAWLEY TROXELL ENNIS & HAWLEY LLP, and Chapter 7 Trustee, Timothy R. Kurtz ("Trustee"), of the bankruptcy estate of Debtor IM Services Group, LLC ("Debtor") or "IM"), hereby stipulate and agree as follows.  This Stipulation is based on 11 U.S.C. § 362, Federal Rule of Bankruptcy Procedure 4001(d), Local Rule 4001.2, and the following facts.

1.      On December 28, 2021 (the "Petition Date"), Debtor filed its voluntary Chapter 11 petition.  Dkt. No. 1.

2.      On May 17, 2022, the Court converted this case to one under Chapter 7 on motion of Debtor and denied a competing motion by the Unsecured Creditor Committee (the "UCC") seeking to appoint a Chapter 11 trustee.  Dkt. No. 243.

3.      Trustee was thereafter appointed as the Chapter 7 trustee in this case.

4.      Before appointment of Trustee to this case, TBK filed a Stipulation for Relief from the Stay between TBK and Debtor ("First Stipulation").  Dkt. No. 160.  The First Stipulation:  (i) stipulated to stay relief to allow TBK to continue its Texas state court litigation against Henry Alec McLarty (principal of Debtor and guarantor on amounts owed to TBK), which would cause the interlocutory judgment against Debtor to become final upon judgment being entered against Mr. McLarty; (ii) stipulated to immediate release of prepetition auction proceeds, which TBK holds a duly perfected, first-position security interest, with $140,990.00 to be distributed to TBK and $32,000 to be provided to the bankruptcy estate; (iii) agreed to a division of the outstanding accounts receivable, which again TBK holds a duly perfected, first-position security interest, with 80% of the proceeds of the accounts receivable to be distributed immediately upon receipt by the estate to TBK and 20% of the proceeds being property of the bankruptcy estate; and (iv) stipulated as to any future sales of TBK collateral during the bankruptcy case that 80% would immediately be paid to TBK with 20% of the proceeds being property of the bankruptcy estate.

5.      The UCC objected to the First Stipulation on April 21, 2022.  Dkt. No. 190. Generally, the UCC argued that TBK's prepetition sale did not comply with notice requirements

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 2

for such sales and that the sale was not done in a commercially reasonable manner.  The UCC argued in its objection that had these things been done, TBK's claim in the bankruptcy case "would have [been] greatly reduced, or eliminated."  Dkt. No. 190 at ¶ 24.

6.      After filing of the UCC objection, TBK and the UCC stipulated to extend the automatic stay pending hearing on the objection.  Dkt. No. 199.  And upon filing of the motion to appoint a Chapter 11 trustee, filed by the UCC, and the competing motion to convert the case to one under Chapter 7, filed by Debtor, TBK and the UCC stipulated to vacate the hearing on the objection until the Court determined those motions.  Dkt. No. 208.

7.      After the Court granted Debtor's motion to convert the case to one under Chapter 7, TBK and Trustee have negotiated in good faith and TBK has provided documents to Trustee with respect to its claims, to address the arguments of the UCC in the objection, and the production of such documents satisfied the concerns of the Trustee.

8.      After such good faith negotiations, TBK and Trustee filed on July 22, 2022, the Stipulation for Relief from the Automatic Stay and Further Relief (the "Second Stipulation"). The Second Stipulation included for the most part all the same terms of the First Stipulation, but it also addressed the arguments of the UCC in response to the First Stipulation and provided further relief to the estate to address the UCC's argument that TBK did not credit bid a sufficient amount for the vehicles repossessed and sold prepetition by TBK.

9.      No objections were received to the Second Stipulation, and TBK and Trustee submitted a proposed order approving the Second Stipulation.

10.      The Court thereafter set the Second Stipulation for hearing via a Notice of Hearing filed on August 18, 2022.  Dkt. No. 291.

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 3

11.     On August 31, 2022, the Court held a hearing on the Second Stipulation and denied the Second Stipulation without prejudice.  Dkt. No. 295.  At the hearing, the Court noted the Second Stipulation was not clear as to the terms of the agreement between TBK and Trustee as to whether the agreement was a true carve-out agreement and held that the Second Stipulation carve-out provisions did not comply with the Bankruptcy Code's priority distribution scheme. The Court noted at the hearing that the carve-out agreement should provide that the full value of the collateral sold would reduce TBK's claim, rather than, as proposed in the Second Stipulation, that the TBK secured claim would only be reduced by the amount of funds TBK received under the Stipulation.  In addition, the Court referenced other potential secured creditors and those creditors' potential rights as to the carved out funds for the estate.[1]

12.     After the hearing, TBK and Trustee renegotiated the terms of the carve-out agreement in good faith based on the Court's comments and concerns with the Second Stipulation.

**Background Facts as to TBK's Claims against Debtor and Perfected Security Interest in all of Debtor's Assets**

---

[1] On this point, undersigned counsel for TBK stated during the hearing that he believed that the other secured creditor had not filed a proof of claim and that the deadline for proofs of claim have expired, in response to an inquiry by the Court.  Upon further review, undersigned counsel for TBK was not correct in his statement to the Court, and as such, counsel would like to correct the statements made during the hearing.  Libertas Funding LLC ("Libertas") has filed a proof of claim asserting a secured position in "all assets" of Debtor.  *See* Proof of Claim 126.  Libertas's claim includes a UCC-1 filed in Idaho, rather than Georgia, the state of organization of Debtor.  *Id.* at Attachment 5.  Upon search of the Georgia UCC records, TBK has discovered that Corporation Services Company, as Representative has filed UCC statements related to lease equipment, rather than an "all asset" filing.  A true and correct copy of the UCC-1s filed by Corporation Service Company, as Representative is attached hereto as **Exhibit A**.  It is believed, but it is not clear given this is a representative filing, that this creditor has not filed a proof of claim in this case asserting a secured claim in leased assets.  In any event, these creditors to the extent they have valid secured claims are in a junior position to TBK.  In addition, these two creditors are listed in the certificate of service of this Stipulation.

13. Debtor is a Georgia limited liability company.

14. Prior to the Petition Date, on October 25, 2019, TBK and IM entered into a Loan and Security Agreement, pursuant to which TBK loaned IM the principal amount of $299,150.00 (the "First Loan Agreement"). A true and correct copy of the First Loan Agreement is attached as Exhibit A to proof of claim 51 filed by TBK in this case, which document is incorporated herein by reference as if set forth at length.

15. Pursuant to First Loan Agreement, TBK was granted a first lien security interests in "*any and all accounts, accounts receivable, chattel paper, contract rights, documents, equipment, fixtures, general intangibles, goods, instruments, inventory, securities, deposit accounts, investment property and all other property of whatever nature and kind, wherever located, in which [the Debtor] now or hereafter has any right or interest in and all attachments, accessories, substitutions, replacements, replacement part, additions, software and software upgrades, including, without limitation, all property listed on any schedule to any agreement between the parties, and all cash and non-cash proceeds (including rental proceeds, insurance proceeds, accounts and chattel paper and/or electronic chattel paper arising out of or related to the sale, lease, rental or other disposition thereof) . . . .*" (the "Blanket Collateral"), as well as in certain scheduled equipment (the "First Loan Equipment").

16. On December 4, 2019, TBK and IM entered into a Loan and Security Agreement, pursuant to which TBK loaned IM the principal amount of $1,202,853.45 (the "Second Loan Agreement"). A true and correct copy of the Second Loan Agreement is attached as Exhibit B to proof of claim 51 filed by TBK in this case, which document is incorporated herein by reference as if set forth at length..

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 5

17.     Pursuant to Second Loan Agreement, TBK was granted a first lien security interests in the above-referenced Blanket Collateral as well as certain scheduled equipment (the "Second Loan Equipment").

18.     On January 23, 2020, TBK and IM entered into a Loan and Security Agreement, pursuant to which TBK loaned IM the principal amount of $871,370.00 (the "Third Loan Agreement").  A true and correct copy of the Third Loan Agreement is attached as Exhibit C to proof of claim 51 filed by TBK in this case, which document is incorporated herein by reference as if set forth at length.

19.     Pursuant to Third Loan Agreement, TBK was granted a first lien security interests in the above-referenced Blanket Collateral as well as in certain scheduled equipment (the "Third Loan Equipment").

20.     On March 12, 2020, TBK and IM entered into a Loan and Security Agreement, pursuant to which TBK loaned IM the principal amount of $893,670.00 (the "Fourth Loan Agreement, and collectively with the First Loan Agreement, the Second Loan Agreement and the Third Loan Agreement, referred to herein as the "Loan Agreements").  A true and correct copy of the Fourth Loan Agreement is attached as Exhibit D to proof of claim 51 filed by TBK in this case, which document is incorporated herein by reference as if set forth at length.

21.     Pursuant to Fourth Loan Agreement, TBK was granted a first lien security interests in the above-referenced Blanket Collateral as well as in certain scheduled equipment (the "Fourth Loan Equipment," and together with the First Loan Equipment, the Second Loan Equipment and the Third Loan Equipment, referred to herein as the "Scheduled Collateral").

22.     TBK perfected its security interest in the Blanket Collateral and Scheduled Collateral (collectively, the "Collateral") by filing and recording four (4) UCC Financing Statements with the Barrow County (Georgia) Clerk of Superior Court with file numbers 007-2019-050536, 007-2019-055910, 007-2020-003864 and 007-2020-010582 (the "UCC-1s"). True and correct copies of the UCC-1s are attached as Exhibit E to proof of claim 51 filed by TBK in this case.

23.     To further secure Debtor's indebtedness to TBK, K4 Services LLC, and Henry Alec McLarty each executed an Unconditional Guaranty for the benefit of TBK, each guarantying the full amount owed by Debtor under the Loan Agreements.

24.     Between April 20, 2021 and June 5, 2021, Debtor failed to deliver the required payments to TBK when they became due under the terms of the Loan Agreements.[2] TBK made a demand for payment on May 28, 2021, and provided an opportunity to cure the defaults. Despite demand, Debtor has not made any further payments due under the Loan Agreements.

**Sale of Scheduled Collateral by TBK Prepetition and Information Related to the UCC Objection**

25.     As a result of Debtor's defaults, TBK repossessed the Scheduled Collateral, and on July 7 through 9, 2021, that Scheduled Collateral was auctioned at a properly noticed and conducted public auction for an aggregate amount of $1,645,000.00. That amount was applied against Debtor's then-outstanding indebtedness to TBK.

---

[2]   Specifically, IM failed to make the payment due to TBK on June 1, 2021, pursuant to the First Loan Agreement; IM failed to make the payment due to TBK on May 15, 2021, pursuant to the Second Loan Agreement; IM failed to make the payment due to TBK on June 5, 2021, pursuant to the Third Loan Agreement; and IM failed to make the payment due to TBK on April 20, 2021, pursuant to the Fourth Loan Agreement.

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 7

26.    Despite the statement in the UCC objection, TBK did give proper notice to the Debtor, all guarantors and all other parties claiming liens on the Scheduled Collateral, including, but not limited to June 21, 2021 notice of the sale of the Scheduled Collateral to "Corporation Service Company, as Representative."  TBK received signed returned certified mail green cards from Corporation Service Company, as Representative of the notice provided.  This information has been provided to Trustee.

27.    Further, the sale of the Scheduled Collateral was done in a commercially reasonable manner, despite the UCC contrary statement in its objection.  The sales were conducted in the following locations:  (i) Odessa, Texas; (ii) Carlsbad, New Mexico; (iii) Moriarty, New Mexico; and (iv) Sherman, Texas.  Newspaper advertising were placed in the following newspapers based on the locations of the Scheduled Collateral, as the most widely circulated newspaper in the location in which the sales were being conducted:  (i) Midland Reporter; (ii) Carlsbad Current Argus; (iii) Albuquerque Journal; and (iv) Dallas Morning News. The majority of the Scheduled Collateral was left by Debtor in a very small and rural areas. Pursuant to TBK's procedures, where the sale is not in a major metropolitan area, TBK lists twice in a newspaper of general circulation in the nearest major metropolitan area.  TBK believes these newspapers provided the most visibility to the advertisements to interested purchasers.  The advertisements on the Scheduled Collateral ran for two days in each of the above publications. In addition to local publication advertisements, TBK also advertised the sales in a national publication called Machinery Trader.  All four advertisements were run on July 2, 2021, in this national publication.  Machinery Trader provides a printed booklet showing equipment for sale to thousands of its subscribers.  In addition, the sale information is provided online by Machinery

Traders as well.  The link to this advertisement is available at the following web address at pages

102-103:  https://www.machinerytrader.com/DigitalIssues/Machinery/MTSC__070221/.  Moreover,

TBK sent all four advertisements to 21 companies that TBK believed were likely to have

potential interest in purchasing the Scheduled Collateral.  Again, all evidence supporting these

facts have been provided to Trustee.

28.     Finally, the UCC's suggestions as to insufficient value obtained for the Scheduled

Collateral at the sale is uninformed and fails to take into account the condition, and costs to

recover, transport, and repair the specific Scheduled Collateral.  While the UCC pointed to

randomly selected examples of purported values of the same make and model of a piece of

equipment, values are determined by conditions, needed repairs, and hours of use – none of

which were taken into account by the UCC.  Instead, TBK had its agents carefully inspect and

evaluate each piece of equipment retrieved from the Debtor and carefully considered all factors

in trying to sell the Scheduled Collateral to third parties for as much consideration as possible.

TBK has supplied Trustee with evidence of the condition of the Scheduled Collateral, noting the

states of disrepair of the various Scheduled Collateral items and the repair expenses associated

with each piece as incurred by TBK.  Of the Scheduled Collateral items, TBK has 7 of the items

still in its control (the "TBK Vehicles").  TBK has provided Trustee a list of the TBK Vehicles

and the amounts TBK credit bid for those items of Scheduled Collateral.  A true and correct copy

of the list of the TBK Vehicles and their credit bid values is attached hereto and incorporated by

reference herein as **Exhibit B**.

**Prepetition Texas Litigation**

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 9

29.    On September 8, 2021, TBK filed an Original Petition against Debtor and guarantors initiating Cause No. DC-21-12578 in the 101st Judicial District Court of Dallas County, Texas (the "Texas Court") seeking judgment for payment of all amounts due under the Loan Agreements.

30.    On or about November 17, 2021, the Texas Court entered an Interlocutory Default Judgment (the "Judgment") against the Debtor (interlocutory only because judgment had not yet been entered against Henry Alec McLarty) for (a) the sum of $913,205.78, (b) attorneys' fees in the amount of $4,440.00, (c) legal expenses in the amount of $372.00, (d) pre-judgment interest at 5% per annum from the filing date of the Texas Lawsuit through November 17, 2021, and (e) post-judgment interest accruing at the maximum legal rate from November 17, 2021, until paid. A true and correct copy of the Judgment is attached as Exhibit F to proof of claim 51 filed by TBK in this case.

31.    TBK intends to move forward with the Texas Court litigation to obtain a judgment against Henry Alec McLarty, as a guarantor, for the amounts due and owing TBK by Debtor and K4 Services, LLC.

32.    If a judgment is entered against Henry Alec McLarty, the Judgment will become final as against Debtor.

33.    As of the Petition Date, TBK has a claim of no less than **$945,513.17** pursuant to the Judgment plus subsequently accruing interest, attorney fees, expenses, or other costs allowed by contract, including legal expenses recoverable under the Judgment, Loan Agreements, and Guarantees (the "TBK Claim").

59696.0001.15220944.2

34.     TBK has filed a proof of claim in this case for the above amount with the Loan Agreements, UCC-1s, and the Judgment attached.  *See* Proof of Claim 51.

**Prepetition Auction**

35.     On or about October 26, 2021, Machinery Auctioneers conducted an auction of certain of IM's equipment and other assets, which auctioneer is currently holding $172,990.00 in proceeds from this auction.  Attached hereto as **Exhibit C** is a true and correct copy of the auctioneer's report on the prepetition sale of Debtor's assets, the prior distribution to Debtor, and the proceeds being held.

36.     Prior to the Petition Date, TBK demanded turnover of the auction amounts from Machinery Auctioneers, who responded that it would require a court order to turn over the funds from the auction.

**Accounts Receivable**

37.     Debtor listed in its schedules approximately $15 million in accounts receivable. Dkt. No. 1 at 13.

38.     Pursuant to the Loan Agreements and the UCC-1s, TBK holds a secured and perfected interest in such accounts receivable.

**STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND CARVE-OUT**

39.     Based on the foregoing, and pursuant to good faith negotiations between the parties, and considering the Court's comments at the hearing on the Second Stipulation, TBK and Trustee hereby stipulate and agree as follows.

40.     The above recitals of this Stipulation are agreed and incorporated herein by reference.

41.     As to the Texas Court litigation, the automatic stay shall be modified to allow TBK to proceed with its claims against Henry Alec McLarty in the Texas Court as a guarantor of the amounts owed by Debtor to TBK under the Loan Agreements.  Such action, if a judgment is entered against Mr. McLarty, will cause the Judgment to become final as against Debtor in the Texas Court.

42.     As to prepetition auction proceeds, the funds being held by Machinery Auctioneers (as shown in Exhibit C hereto) shall be split between TBK and Debtor and immediately distributed to the parties with Trustee retaining, as a carve-out and assignment of TBK's secured interest in the funds, $32,000.00 of the auction proceeds for the benefit of the estate.   The remainder of funds held by Machinery Auctioneers ($140,990.00) shall be distributed immediately to TBK.  The automatic stay shall be modified to allow these transfers.  The amount of prepetition auction proceeds received by TBK shall be applied against, and reduce the TBK Claim by the full amount of the auction proceeds ($172,990.00).

43.     As to the outstanding accounts receivable TBK and Trustee have agreed as follows:

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 12

a)      If Trustee hires counsel to pursue the accounts receivable on a contingency fee basis, TBK and Trustee hereby stipulate and agree that the net proceeds of any recovery of accounts (after reduction of applicable contingency fees owed to counsel) will be split with 90% of the net proceeds going first to TBK and 10% of the net proceeds going to Trustee for the benefit of the estate, until the TBK Claim is paid in full;

b)      If counsel for Trustee is employed on an hourly basis to collect the accounts receivable, TBK and Trustee stipulate and agree that the net amount recovered from the accounts receivable (after reduction of applicable fees owed or paid to counsel) will be split 90% of all amounts recovered going first to TBK and 10% of the recovered amounts going to Trustee for the benefit of the estate, until the TBK Claim is paid in full; and

c)      Finally, if other counsel or other professionals are employed to collect the accounts receivable, TBK and Trustee hereby stipulate and agree that the net recovery of the accounts receivable will be split with 90% of the net proceeds going first to TBK and 10% of the net proceeds going to Trustee for the benefit of the estate, until the TBK Claim is paid in full.

44.    As to the division of the accounts receivable, as stated in the above paragraph, those shall be split between TBK and Debtor and immediately distributed to the parties with Trustee retaining his percentage of the funds for the benefit of the estate, as a carve-out and assignment of TBK's secured interest in the funds in the agreed percentage. The automatic stay shall be modified to the extent necessary to allow for the transfer of funds from recoveries of account receivable upon receipt of the funds (or upon court approval of a compromise, if approval of a compromise is required). The full net recovery, after paying any and all professional fees, of the accounts receivable will reduce the TBK Claim.

45.    Trustee agrees to consult with TBK, and agrees to seek TBK's express consent, which consent will not be unreasonably withheld, on Trustee's selection of counsel to pursue the accounts receivable.

59696.0001.15220944.2

46.     Trustee shall report, and shall cause his professionals to report, on the status of recovery of the accounts receivables to TBK and shall provide TBK with any and all documentation TBK reasonably requests evidencing the amounts recovered and any fees associated with the recovery.

47.     As to any future sales of the Collateral in this bankruptcy case securing the amounts owed to TBK under the Loan Agreements, Trustee and TBK stipulate and agree that the net proceeds of the Collateral sales in this bankruptcy case shall be split with 90% of the net proceeds going first to TBK and 10% of the net proceeds going to Trustee for the benefit of the estate, as a carve-out and assignment of TBK's secured interest in the funds.  The automatic stay shall be modified to allow for these transfers immediately upon receipt of the sale funds.  The full recovery of the net proceeds will reduce the TBK Claim.

48.     In addition to the provisions of the First Stipulation with the Debtor, as to the TBK Vehicles, TBK and Trustee stipulate and agree that TBK shall report to Trustee the sale price of any of the TBK Vehicles postpetition until there is a proposed distribution to unsecured creditors.  Upon the sale of any of the TBK Vehicles post-petition and deducting from the sales price:  (i) the credit bid by TBK for the particular vehicle; (ii) the expenses of the sale, including but not limited to, any broker fees; and (iii) the expense incurred and paid by TBK to repair or store any of the sold TBK Vehicles, TBK will deduct from the TBK Claim the net recovery on the particular TBK Vehicles.  As a result, despite the TBK Vehicles no longer being property of the estate, the estate will nevertheless benefit in the event that TBK is able to re-sell the TBK Vehicles for amounts exceeding the bid-in prices.

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 14

49.     TBK and Trustee stipulate and agree that TBK may file an amended proof of claim or application as allowed under 11 U.S.C. § 506(b) and/or amend its proof of claim to assert an unsecured claim for its attorney fees incurred postpetition as allowed per *SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 840-41 (9th Cir. 2009).

50.     TBK and Trustee stipulate and agree that the carve-out of TBK's secured position is made to benefit the administrative expense claimants of the bankruptcy estate and the unsecured creditors of the bankruptcy estate, the carve-out is not intended and does not allow any junior secured creditors to claim a secured interest in the funds carved-out.

51.     TBK and Trustee stipulate and agree to the form of order granting this Stipulation as attached hereto as **Exhibit D**.

**RULE 4001.2 NOTICE**

52.     Pursuant to Rule 4001.2 of the Local Bankruptcy Rules, and subject to Federal Rule of Bankruptcy Procedure 9006, any party in interest opposing the motion must file and serve an objection thereto <u>not later than seventeen (17) days after the date of service of the motion</u>.  The objection shall specifically identify those matters contained in the motion that are at issue and any other basis for opposition to the motion.  **<u>Absent the filing of a timely objection, the court may grant the relief sought without a hearing</u>**.  As set forth in Local Rule 4001.2(d)(3), if an objection is filed to this relief motion, the objection must be served upon the movant and upon all parties receiving service of the motion.  In accordance with Local Rule 4001.2(e)(1), a party opposing a motion shall contact the court's calendar clerk to schedule a preliminary hearing.  At the time of filing the objection to a motion, the objecting party shall file and serve a notice of such hearing.

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 15

53.     In addition, pursuant to Rule 4001.2 of the Local Bankruptcy Rules and 11 U.S.C.

§ 362(e),

> Thirty days after a request under subsection (d) of this section
> [362] for relief from the stay of any act against property of the
> estate under subsection (a) of this section, such stay is terminated
> with respect to the party in interest making such request, unless the
> court, after notice and a hearing, orders such stay continued in
> effect pending the conclusion of, or as a result of, a final hearing
> and determination under subsection (d) of this section. The court
> shall order such stay continued in effect pending the conclusion of
> the final hearing under subsection (d) of this section if there is a
> reasonable likelihood that the party opposing the relief from such
> stay will prevail at the conclusion of such final hearing.  If the
> hearing under this subsection is a preliminary hearing, then such
> final hearing shall be concluded not later than thirty days after the
> conclusion of such preliminary hearing, unless the 30-day period is
> extended with the consent of the parties in interest or for a specific
> time  which  the  court  finds  is  required  by  compelling
> circumstances.
>
> (2) Notwithstanding paragraph (1), in a case under chapter 7,
> chapter 11, or chapter 13 in which the debtor is an individual, the
> stay under subsection (a) shall terminate on the date that is 60 days
> after a request is made by a party in interest under subsection (d),
> unless—
>
> > (A) a final decision is rendered by the court during the 60-
> > day period beginning on the date of the request; or
> > (B) such 60-day period is extended—
> >
> > > (i) by agreement of all parties in interest; or
> > > (ii) by the court for such specific period of time as
> > > the court finds is required for good cause, as
> > > described in findings made by the court.

54.     Wherefore, Trustee and TBK hereby request entry of an order in the form

attached hereto as Exhibit D approving this stipulation.

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 16

Dated:  November 14, 2022

Respectfully submitted,

HAWLEY TROXELL ENNIS & HAWLEY LLP

By /s/ Brent R. Wilson _____
 Brent R. Wilson, ISB No. 8936
 Attorneys for TBK Bank, SSB d/b/a Triumph
 Commercial Finance

Dated:  November 14, 2022

By /s/ Timothy R. Kurtz (email authorization
provided)
 Timothy R. Kurtz, Chapter 7 Trustee

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 17

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of November, 2022, I electronically filed the foregoing STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR APPROVAL OF CARVE OUT AGREEMENT  with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Matthew Todd Christensen | mtc@johnsonmaylaw.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Jonathan David Hallin | jhallin@lukins.com |
| R. Ron Kerl | ron@cooper-larsen.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Amber N. Dina | amberdina@givenspursely.com |
| James K. Miersma | bknotice@mccarthyholthus.com |
| Aaron Bell | abell@eberle.com |
| Richard R. Wallace, III | richard.wallace@solidcounsel.com |
| Kye Law Group | mkye@kyelaw.com |
| Gary M. Freedman | gary.freedman@nelsonmullins.com |
| J.B. Evans | jb.evans@stoel.com |
| Matthew K. Shriver | matt.shriver@iic.idaho.gov |
| Robert A. Faucher | rfaucher@hollandhart.com |
| Chad Moody | crm@johnsonmay.com |
| David W. Gadd | dwg@magicvalleylaw.com |
| Bradley VandenDries | bvandendries@eberle.com |
| Jesse A.P. Baker | ecfidb@aldridgepite.com |
| Philip John Griffin | pgriffin@hollandhart.com |

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 18

59696.0001.15220944.2

| William M. Humphries | bill.humphries@usdoj.gov |
| David Henry Leigh | dleigh@rqn.com |
| Tara Martens Miller | tmmiller@hollandhart.com |
| Lance E. Olsen | bknotice@mccarthyholthus.com |
| Sherilyn A. Olsen | solsen@hollandhart.com |
| Anthony Pirraglia | Anthony.pirraglia@hklaw.com |
| Timothy R. Kurtz | trk@kurtztrustee.com |

  AND, I HEREBY CERTIFY that I have served the foregoing document to the following non-CM/ECF Registered Participants **via U.S. Mail** (list names and addresses):

**IM Services Group, LLC**
5418 N. Eagle Rd., Ste. 160
Boise, ID 83713-0100

**Libertas Funding LLC**
411 W. Putnam Ave., Ste. 220
Greenwich, CT 06830

**Ally Bank Department**
AIS Portfolio Services, LP
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**Richard J. Wallace, III**
Scheef & Stone LLP
500 North Akard, Suite 27000
Dallas, TX 75201

**Corporation Service Company, As Representative**
801 Adlai Stevenson Drive
Springfield, IL 62703

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 19

59696.0001.15220944.2

/s/ Brent R. Wilson
Brent R. Wilson

STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR
APPROVAL OF CARVE OUT AGREEMENT  - 20

59696.0001.15220944.2

# EXHIBIT A

GSCCCA eFile1: EF_004923310_001002643_038  Received:Thursday, November 5, 2020 6:43:02 PM Page 1 of 1

FILED & RECORDED
Friday, November 6, 2020 12:27:58 PM
File Number: 038-2020-092093
Cindy G. Brown
Coweta County Clerk of Superior Court

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
CSC   1-800-858-5294

B. E-MAIL CONTACT AT FILER (optional)
SPRFiling@cscglobal.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

┌ 2013 53311
CSC
801 Adlai Stevenson Drive
Springfield, IL 62703
                                                    Filed In: Georgia
                                              (Central Index - Coweta County) ┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | IM Services Group, LLC | | | | |
|---|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS 201 17th Street NW, Suite 1700 | CITY Atlanta | STATE GA | POSTAL CODE 30363 | | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | | | | |
|---|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS PO BOX 2576 UCCSPREP@cscinfo.com | CITY Springfield | STATE IL | POSTAL CODE 62708 | | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
All equipment, machinery, goods, personal and other property, however described, leased pursuant to Lease Schedule No. IMSG_003 to Master Lease Agreement No. 2056656, as amended, whether now or hereafter existing, and wherever now or hereafter located, together with all accessories, attachments, accessions, parts, components, fixtures, repairs, modifications, additions, substitutions, replacements and exchanges thereof, and all related deliverables, intangible property, software (embedded or otherwise), general intangibles, intellectual property, license, contract rights, inventory, collateral and other rights incorporated therein, attached thereto, associated therewith or arising therefrom, all whether or not furnished by the Supplier thereof, and any and all proceeds, including proceeds of proceeds, and products thereof. This filing is made for informational purposes and not to suggest Secured Party's interest is limited to a security interest only. Debtor has no independent right or authority to sell, sublease, transfer, assign, pledge, encumber or dispose of any of the foregoing or any interest therein.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions)  ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):  ☑ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
2013 53311

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

GSCCCA eFile1: EF_004881384_000995349_038 Received:Wednesday, October 28, 2020 4:12:52 PM Page 1 of 1

FILED & RECORDED
Wednesday, October 28, 2020 4:14:37 PM
File Number: 038-2020-091268
Cindy G. Brown
Coweta County Clerk of Superior Court

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
CSC   1-800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
SPRFiling@cscglobal.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

2009 23609
CSC
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Georgia
(Central Index - Coweta County)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | IM Services Group, LLC | | | |
|---|---|---|---|---|
| **OR** 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS 201 17th Street NW, Suite 1700 | CITY Atlanta | STATE GA | POSTAL CODE 30363 | COUNTRY USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **OR** 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | | | |
|---|---|---|---|---|
| **OR** 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS PO BOX 2576 UCCSPREP@cscinfo.com | CITY Springfield | STATE IL | POSTAL CODE 62708 | COUNTRY USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
All equipment, machinery, goods, personal and other property, however described, leased pursuant to Lease Schedule No. IMSG_002 to Master Lease Agreement No. 2056656, as amended, whether now or hereafter existing, and wherever now or hereafter located, together with all accessories, attachments, accessions, parts, components, fixtures, repairs, modifications, additions, substitutions, replacements and exchanges thereof, and all related deliverables, intangible property, software (embedded or otherwise), general intangibles, intellectual property, license, contract rights, inventory, collateral and other rights incorporated therein, attached thereto, associated therewith or arising therefrom, all whether or not furnished by the Supplier thereof, and any and all proceeds, including proceeds of proceeds, and products thereof. This filing is made for informational purposes and not to suggest Secured Party's interest is limited to a security interest only. Debtor has no independent right or authority to sell, sublease, transfer, assign, pledge, encumber or dispose of any of the foregoing or any interest therein.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | | | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|---|---|
| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
| ☐ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |
| 7. ALTERNATIVE DESIGNATION (if applicable): | ☑ Lessee/Lessor | ☐ Consignee/Consignor | ☐ Seller/Buyer | ☐ Bailee/Bailor | ☐ Licensee/Licensor |
| 8. OPTIONAL FILER REFERENCE DATA: | | | | 2009 23609 |

**FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)**

GSCCCA eFile1: EF_004218921_000860186_038 Received:Friday, June 12, 2020 3:25:21 PM Page 1 of 1

FILED & RECORDED
Saturday, June 20, 2020 5:26:14 PM
File Number: 038-2020-026849
Cindy G. Brown
Coweta County Clerk of Superior Court

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
CSC   1-800-858-5294

**B. E-MAIL CONTACT AT FILER** (optional)
SPRFiling@cscglobal.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

1861 45556
CSC
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: Georgia
(Central Index - Coweta County)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | IM Services Group, LLC | | | |
|---|---|---|---|---|
| OR | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS 201 17th Street NW, Suite 1700 | CITY Atlanta | STATE GA | POSTAL CODE 30363 | COUNTRY USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | | | |
|---|---|---|---|---|
| OR | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS PO BOX 2576 UCCSPREP@cscinfo.com | CITY Springfield | STATE IL | POSTAL CODE 62708 | COUNTRY USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
All equipment, machinery, goods, personal and other property, however described, leased pursuant to Lease Schedule No. IMSG_001 to Master Lease Agreement No. 2056656, as amended, whether now or hereafter existing, and wherever now or hereafter located, together with all accessories, attachments, accessions, parts, components, fixtures, repairs, modifications, additions, substitutions, replacements and exchanges thereof, and all related deliverables, intangible property, software (embedded or otherwise), general intangibles, intellectual property, license, contract rights, inventory, collateral and other rights incorporated therein, attached thereto, associated therewith or arising therefrom, all whether or not furnished by the Supplier thereof, and any and all proceeds, including proceeds of proceeds, and products thereof. This filing is made for informational purposes and not to suggest Secured Party's interest is limited to a security interest only. Debtor has no independent right or authority to sell, sublease, transfer, assign, pledge, encumber or dispose of any of the foregoing or any interest therein.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☑ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
1861 45556

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

# EXHIBIT

# B

| Make | Model | ID Number | Bid at Foreclosure Sale |
|---|---|---|---|
| OKADA America | ORV2500 Hydraulic Breaker | 132B899 | $5,000.00 |
| TESMEC | Marias ST2 Wheel Trencher W | 285-510 | $375,000.00 |
| TESMEC | TRS-300 Wrap Trencher | 158 | $35,000.00 |
| TESMEC | Marias ST2 Wheel Trencher | 1011 | $300,000.00 |
| TESMEC | TRS 300 Cable Wrapping Machine | 124 | $75,000.00 |
| TESMEC | 300 Wrapping Machine | 160 | $75,000.00 |
| TESMEC | Marias ST2 Trencher w/ Laying Box | 1012 | $425,000.00 |

# EXHIBIT

# C



| CO #: | 5100 |
|---|---|
| Date: | 2/17/2022 |
| Page: | 1 |

Consignor: IMS

Jared Blamires
Im Services Group
5418 N Eagle Rd, Suite 160
Boise, ID 83713
Phone:208-861-1338

*NEED TITLE FOR LOT 198A*

Auction: Odessa, TX    October 26, 2021

| Lot# | Transaction Description | | Amount |
|---|---|---|---|
| **2** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 90.00 |
| | Bid Card # 1907 | | |
| 10/26/2021 | Commission | ( | 9.00) |
| **3** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 90.00 |
| | Bid Card # 1924 | | |
| 10/26/2021 | Commission | ( | 9.00) |
| **4** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 80.00 |
| | Bid Card # 5526 | | |
| 10/26/2021 | Commission | ( | 8.00) |
| **5** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 90.00 |
| | Bid Card # 1907 | | |
| 10/26/2021 | Commission | ( | 9.00) |
| **6** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 90.00 |
| | Bid Card # 1924 | | |
| 10/26/2021 | Commission | ( | 9.00) |

| Lot# | Transaction Description | | Amount |
|---|---|---|---|
| **7** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 90.00 |
| | Bid Card # 1907 | | |
| 10/26/2021 | Commission | ( | 9.00) |
| **8** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 70.00 |
| | Bid Card # 1936 | | |
| 10/26/2021 | Commission | ( | 7.00) |
| **9** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 90.00 |
| | Bid Card # 1907 | | |
| 10/26/2021 | Commission | ( | 9.00) |
| **9a** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 11/10/2021 | Invoice Sale Price | | 70.00 |
| | Bid Card # 1834 | | |
| 11/10/2021 | Commission | ( | 7.00) |
| **9b** | **Toolbox** | | |
| | Location: Odessa, TX | | |
| | Total Reserve: 25.00 | | |
| 10/26/2021 | Invoice Sale Price | | 80.00 |
| | Bid Card # 5526 | | |
| 10/26/2021 | Commission | ( | 8.00) |
| **12a** | **Skid Steer Bucket** | | |
| | Location: Odessa, TX | | |
| 10/26/2021 | Invoice Sale Price | | 350.00 |
| | Bid Card # 1929 | | |
| 10/26/2021 | Commission | ( | 35.00) |
| **13** | **Chains & Binders** | | |
| | 13-binder | | |
| | 10-3/8 Chains | | |
| | Location: Odessa, TX | | |



| CO #: | 5100 |
|---|---|
| Date: | 2/17/2022 |
| Page: | 2 |

| Lot# | Transaction Description | | Amount |
|---|---|---|---|
| 10/26/2021 | Invoice Sale Price | | 850.00 |
| | Bid Card # 5480 | | |
| 10/26/2021 | Commission | ( | 85.00) |
| **14a** | **Dewalt Dxgnr8000 Generator** | | |
| | Location: Odessa, TX | | |
| 10/26/2021 | Invoice Sale Price | | 400.00 |
| | Bid Card # 5272 | | |
| 10/26/2021 | Commission | ( | 40.00) |
| **14b** | **Ironman 4000w Generator** | | |
| | Location: Odessa, TX | | |
| 10/28/2021 | Invoice Sale Price | | 150.00 |
| | Bid Card # 1834 | | |
| 10/28/2021 | Commission | ( | 15.00) |
| **14c** | **Powerhorse 27000 Generator** | | |
| | Powerhorse 27000 27kw Electric Start 120/240vac Location: Odessa, TX | | |
| 10/26/2021 | Invoice Sale Price | | 450.00 |
| | Bid Card # 1836 | | |
| 10/26/2021 | Commission | ( | 45.00) |
| **14d** | **Gas Powered Portable Water Pump** | | |
| | Cmxx Commercial Series. Two Inch Connector. 208 Cc Gasoline Engi Red Lion Model 6rlag-3ltt Unused Location: Odessa TX | | |
| 10/26/2021 | Invoice Sale Price | | 150.00 |
| | Bid Card # 1821 | | |
| 10/26/2021 | Commission | ( | 15.00) |
| **14e** | **Mr Heater 175000 Btu** | | |
| | Mr Heater 175000 Btu Location: Odessa, TX | | |
| 10/26/2021 | Invoice Sale Price | | 150.00 |
| | Bid Card # 5175 | | |
| 10/26/2021 | Commission | ( | 15.00) |

| Lot# | Transaction Description | | Amount |
|---|---|---|---|
| **14f** | **Honda Eb5000x Generator** | | |
| | Location: Odessa, TX | | |
| 10/26/2021 | Invoice Sale Price | | 350.00 |
| | Bid Card # 5272 | | |
| 10/26/2021 | Commission | ( | 35.00) |
| **15a** | **Shovels, Brooms, Post Hole Digger, Rakes** | | |
| | Location: Odessa, TX | | |
| 10/27/2021 | Invoice Sale Price | | 425.00 |
| | Bid Card # 5435 | | |
| 10/27/2021 | Commission | ( | 42.50) |
| **15b** | **7 - Polymer Concrete Handhole Assembly, Tier 22** | | |
| | Martin Enterprises Location: Odessa, TX | | |
| 10/28/2021 | Invoice Sale Price | | 300.00 |
| | Bid Card # 1834 | | |
| 10/28/2021 | Commission | ( | 30.00) |
| **15c** | **Current Tools Conduit Heater** | | |
| | Model 453 1/2 -6 inch conduit heater New in box Location: Odessa, TX | | |
| 10/28/2021 | Invoice Sale Price | | 100.00 |
| | Bid Card # 1834 | | |
| 10/28/2021 | Commission | ( | 10.00) |
| **16** | **Pallet Of Plastic Chairs And Table** | | |
| | Lifetime Location: Odessa, TX | | |
| 10/27/2021 | Invoice Sale Price | | 250.00 |
| | Bid Card # 5435 | | |
| 10/27/2021 | Commission | ( | 25.00) |
| **17** | **Welding Leads, Torch, O2 & Acetylene Gauges** | | |
| | Location: Odessa, TX | | |
| 10/26/2021 | Invoice Sale Price | | 500.00 |
| | Bid Card # 5565 | | |
| 10/26/2021 | Commission | ( | 50.00) |



| CO #: | 5100 |
|---|---|
| Date: | 2/17/2022 |
| Page: | 3 |

| Lot# | Transaction Description | Amount | Lot# | Transaction Description | Amount |
|---|---|---|---|---|---|
| **18** | **Pallet Of 1" Snakes (line Grips)** | | **22a** | **Rd7000 Precision Electromagnetic & Rf Locator** | |
| | Location: Odessa, TX | | | Radiodetection RD7000 Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 25.00 | 10/26/2021 | Invoice Sale Price | 550.00 |
| | Bid Card # 1835 | | | Bid Card # 5577 | |
| 10/26/2021 | Commission | ( 2.50) | 10/26/2021 | Commission | ( 55.00) |
| **19** | **Fishing Line And Reels, Cones, Pulley** | | **22b** | **Rd7100 Cable And Pipe Locator** | |
| | Location: Odessa, TX | | | Radiodetection RD7100 Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 150.00 | 10/26/2021 | Invoice Sale Price | 500.00 |
| | Bid Card # 5301 | | | Bid Card # 5577 | |
| 10/26/2021 | Commission | ( 15.00) | 10/26/2021 | Commission | ( 50.00) |
| **20** | **(4) Fiberglass Ladders, Short** | | **23** | **Metered Run** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 450.00 | 10/26/2021 | Invoice Sale Price | 25.00 |
| | Bid Card # 1942 | | | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 45.00) | 10/26/2021 | Commission | ( 2.50) |
| **20a** | **(5) Fiberglass Ladders, Tall** | | **24** | **10 Piece Ratcheting Pipe Threader 3/8-2"** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 450.00 | 10/26/2021 | Invoice Sale Price | 200.00 |
| | Bid Card # 1942 | | | Bid Card # 5578 | |
| 10/26/2021 | Commission | ( 45.00) | 10/26/2021 | Commission | ( 20.00) |
| **21** | **Kaiser 35cm Air Compressor** | | **25** | **Lubricant For Air Blowing Machines** | |
| | Kaeser Sigma 35cfm M17A Mobilair portable compressor Honda GX630 Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,200.00 | 10/26/2021 | Invoice Sale Price | 10.00 |
| | Bid Card # 5389 | | | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 120.00) | 10/26/2021 | Commission | ( 1.00) |
| **22** | **Rd7100 Cable And Pipe Locator** | | **26** | **Stanley Electric Start Power Pack W/ Cooler** | |
| | Radiodetection RD7100 Location: Odessa, TX | | | Stanley 5GPM/8GPM 55 Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 850.00 | 10/26/2021 | Invoice Sale Price | 1,200.00 |
| | Bid Card # 5565 | | | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 85.00) | 10/26/2021 | Commission | ( 120.00) |



| | | |
|---|---|---|
| CO #: | | 5100 |
| Date: | | 2/17/2022 |
| Page: | | 4 |

| Lot# | Transaction Description | Amount |
|---|---|---|
| **27** | **Gmp Honda Gas Powered Power Pack** | |
| | GMP | |
| | Honda gx240 | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,600.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | (    160.00) |
| **28** | **Gmp Honda Gas Powered Power Pack** | |
| | Honda gx240 | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,600.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | (    160.00) |
| **29** | **Gmp Honda Gas Powered Power Pack** | |
| | Honda gx240 | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,600.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | (    160.00) |
| **30** | **Gmp Honda Gas Powered Power Pack** | |
| | Honda gx240 | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,600.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | (    160.00) |
| **31** | **Spy Pipeline Inspection Tool** | |
| | Spy | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 75.00 |
| | Bid Card # 5577 | |
| 10/26/2021 | Commission | (    7.50) |
| **31a** | **Grosbeak Hooks** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 25.00 |
| | Bid Card # 58489 | |
| 10/26/2021 | Commission | (    2.50) |

| Lot# | Transaction Description | Amount |
|---|---|---|
| **31b** | **Rubber Walk** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 250.00 |
| | Bid Card # 1835 | |
| 10/26/2021 | Commission | (    25.00) |
| **31c** | **Green Lee Hydraulic RAM** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 500.00 |
| | Bid Card # 5523 | |
| 10/26/2021 | Commission | (    50.00) |
| **31d** | **Misc Tools** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 600.00 |
| | Bid Card # 7 | |
| 10/26/2021 | Commission | (    60.00) |
| **31e** | **Pallet of motor oil , grease, fire extinguishers** | |
| | Mystic high temp grease tubes | |
| | She'll Rotella T4 Diesel engine motor oil | |
| | Small fire extinguishers | |
| | Location: Odessa, TX | |
| 10/27/2021 | Invoice Sale Price | 650.00 |
| | Bid Card # 5435 | |
| 10/27/2021 | Commission | (    65.00) |
| **32** | **Hydraulic Sheave & Stand** | |
| | 3 piece | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 450.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | (    45.00) |
| **33** | **Foot Control Valve For Hydraulic Power Plant** | |
| | GMP | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 150.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | (    15.00) |



| CO #: | 5100 |
|---|---|
| Date: | 2/17/2022 |
| Page: | 5 |

| Lot# | Transaction Description | Amount |
|---|---|---|
| **34** | **Fiber Optic Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,000.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 100.00) |
| **35** | **Fiber Optic Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,000.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 100.00) |
| **36** | **Fiber Optic Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 700.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 70.00) |
| **37** | **Fiber Optic Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 700.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 70.00) |
| **38** | **Air Dryer For Fiber Optic Blowing Machine** | |
| | DryAIR | |
| | 12VA 400 FSA | |
| | TDM000718 | |
| | New in box | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 350.00 |
| | Bid Card # 5560 | |
| 10/26/2021 | Commission | ( 35.00) |
| **39** | **Air Dryer For Fiber Optic Blowing Machine** | |
| | AirDRY | |
| | 24VA 400 FSA | |
| | New | |
| | New in box | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 350.00 |
| | Bid Card # 5560 | |

| Lot# | Transaction Description | Amount |
|---|---|---|
| 10/26/2021 | Commission | ( 35.00) |
| **40** | **Tornado Fiber Optic Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 6,000.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 600.00) |
| **40a** | **Tornado Fiber Optic Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 6,000.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 600.00) |
| **41** | **Fiber Optic Air Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,500.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 150.00) |
| **42** | **Fiber Optic Air Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 1,500.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 150.00) |
| **43** | **Fiber Optic Air Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 750.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 75.00) |
| **44** | **Fiber Optic Air Blowing Machine** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 750.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 75.00) |



| CO #: | 5100 |
|---|---|
| Date: | 2/17/2022 |
| Page: | 6 |

| Lot# | Transaction Description | Amount | Lot# | Transaction Description | Amount |
|---|---|---|---|---|---|
| **45** | **Fiber Optic Air Blowing Machine** | | **51** | **(6 Boxes) Fittings For Fiber Optic Blowing Machine** | |
| | Location: Odessa, TX | | | (6 boxes) Fittings for fiber optic blowing machine Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price Bid Card # 1925 | 750.00 | 10/26/2021 | Invoice Sale Price Bid Card # 1925 | 300.00 |
| 10/26/2021 | Commission | ( 75.00) | 10/26/2021 | Commission | ( 30.00) |
| **46** | **1" High Pressure Air Hose** | | **52** | **Universal Mains Power Supplies** | |
| | Location: Odessa, TX | | | Input 100-240v Output 48v Location: Odessa, TX | |
| 11/29/2021 | Invoice Sale Price Bid Card # 1834 | 100.00 | 10/26/2021 | Invoice Sale Price Bid Card # 5206 | 25.00 |
| 11/29/2021 | Commission | ( 10.00) | 10/26/2021 | Commission | ( 2.50) |
| **47** | **2" High Pressure Air Hose** | | **53** | **Air Cooler** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price Bid Card # 5231 | 75.00 | 10/26/2021 | Invoice Sale Price Bid Card # 1925 | 150.00 |
| 10/26/2021 | Commission | ( 7.50) | 10/26/2021 | Commission | ( 15.00) |
| **48** | **(2) 1-1/4" High Pressure Air Hose** | | **53a** | **Air Cooler** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price Bid Card # 5576 | 100.00 | 10/26/2021 | Invoice Sale Price Bid Card # 1925 | 150.00 |
| 10/26/2021 | Commission | ( 10.00) | 10/26/2021 | Commission | ( 15.00) |
| **49** | **1-1/2" High Pressure Air Hose** | | **53b** | **Air Cooler** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price Bid Card # 5576 | 100.00 | 10/26/2021 | Invoice Sale Price Bid Card # 1925 | 150.00 |
| 10/26/2021 | Commission | ( 10.00) | 10/26/2021 | Commission | ( 15.00) |
| **50** | **(6 Boxes) Fittings For Fiber Optic Blowing Machine** | | **54** | **Portapower** | |
| | (6 boxes) Fittings for fiber optic blowing machine Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price Bid Card # 1925 | 300.00 | 10/26/2021 | Invoice Sale Price Bid Card # 1925 | 75.00 |
| 10/26/2021 | Commission | ( 30.00) | 10/26/2021 | Commission | ( 7.50) |



| | | |
|---|---|---|
| CO #: | | 5100 |
| Date: | | 2/17/2022 |
| Page: | | 7 |

| Lot# | Transaction Description | Amount |
|---|---|---|
| **54a** | **Portapower** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 75.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission ( | 7.50) |
| **54b** | **Portapower** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 75.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission ( | 7.50) |
| **54c** | **Portapower** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 75.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission ( | 7.50) |
| **54d** | **Portapower** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 75.00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission ( | 7.50) |
| **63** | **20ft C Container** | |
| | 2010 Timber 67,200 lbs max weight 054051 Location: Odessa, TX Total Reserve: 1,500.00 | |
| 10/26/2021 | Invoice Sale Price | 3,800.00 |
| | Bid Card # 103325 | |
| 10/26/2021 | Commission ( | 380.00) |
| **69c** | **Atlas Xats 250 Compressor** | |
| | Starts From Starter On Either. Bad Fuel Location: Odessa, TX Total Reserve: 750.00 | |
| 10/26/2021 | Invoice Sale Price | 2,250.00 |
| | Bid Card # 5484 | |
| 10/26/2021 | Commission ( | 225.00) |

| Lot# | Transaction Description | Amount |
|---|---|---|
| **93** | **2019 Lamar 22' Equipment Trailer** | |
| | VIN: 5RVTD2026KP075669 W/tilt Location: Odessa, TX Total Reserve: 2,000.00 | |
| 10/26/2021 | Invoice Sale Price | 5,500.00 |
| | Bid Card # 5624 | |
| 10/26/2021 | Commission ( | 550.00) |
| **146a** | **1997 Peterbilt 379 Tri Axle** | |
| | VIN: 1XP5DB9X7VD423730 Odometer States: 1485602 Color: Black, Transmission: EF 18 Speed Engine Type: CAT 3406 Suspension: A/R Fuel Type: Diesel Dual Breathers Dual Stacks 11r24.5 A/a Air Slide 5th Wheel Location: Odessa, TX Total Reserve: 27,500.00 | |
| 10/25/2021 | Expense - WASH-ALL SEASONS INV#4383.TM ( | 175.00) |
| 10/26/2021 | Invoice Sale Price | 58,000.00 |
| | Bid Card # 1944 | |
| 10/26/2021 | Commission ( | 5,800.00) |
| **198a** | **1990 BMYHR 6x6** | |
| | VIN: 3100793 Odometer States: 20292 Color: Green Transmission: Automatic, Engine Type: Cummins Fuel Type: Diesel Motor Is Out Of Truck Location: Odessa, TX Total Reserve: 2,000.00 | |
| 10/26/2021 | Invoice Sale Price | 2,500.00 |
| | Bid Card # 5544 | |
| 10/26/2021 | Commission ( | 250.00) |
| **209e** | **Genie 5000lb Telehandler** | |
| | 2017 Genie GHT-5519 Telehandler GTH55M6515 Screen Does Not Work Location: Odessa, TX Total Reserve: 23,000.00 | |
| 10/26/2021 | Invoice Sale Price | 29,500.00 |
| | Bid Card # 1914 | |
| 10/26/2021 | Commission ( | 2,950.00) |



| | |
|---|---|
| CO #: | 5100 |
| Date: | 2/17/2022 |
| Page: | 8 |

| Lot# | Transaction Description | Amount |
|---|---|---|
| **212** | **2013 XL Tri Axle Detach** | |
| | VIN: 4U3J05334DL012914<br>Pony Motor<br>(chains & Binders Do Not Go)<br>Location: Odessa, TX<br>Total Reserve: 20,000.00 | |
| 10/26/2021 | Invoice Sale Price<br>Bid Card # 1959 | 52,500.00 |
| 10/26/2021 | Commission | ( 5,250.00) |
| **275** | **Trench Grader** | |
| | SP48 Trench Compactor<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/27/2021 | Invoice Sale Price<br>Bid Card # 1834 | 2,250.00 |
| 10/27/2021 | Commission | ( 225.00) |
| **276** | **Trench Grader** | |
| | SP48 Trench Compactor<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/27/2021 | Invoice Sale Price<br>Bid Card # 1834 | 2,250.00 |
| 10/27/2021 | Commission | ( 225.00) |
| **277** | **Trench Grader** | |
| | SP48 Trench Compactor<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/27/2021 | Invoice Sale Price<br>Bid Card # 1834 | 2,250.00 |
| 10/27/2021 | Commission | ( 225.00) |
| **277a** | **Trench Comoactor** | |
| | Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/27/2021 | Invoice Sale Price<br>Bid Card # 1834 | 2,250.00 |
| 10/27/2021 | Commission | ( 225.00) |
| **277b** | **Dromone Pin Grabbing Coupler** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price<br>Bid Card # 1914 | 100.00 |
| 10/26/2021 | Commission | ( 10.00) |

| Lot# | Transaction Description | Amount |
|---|---|---|
| **277c** | **Compactor** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price<br>Bid Card # 5301 | 275.00 |
| 10/26/2021 | Commission | ( 27.50) |
| **277d** | **Bucket** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price<br>Bid Card # 1939 | 275.00 |
| 10/26/2021 | Commission | ( 27.50) |
| **277e** | **Bucket** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price<br>Bid Card # 5705 | 400.00 |
| 10/26/2021 | Commission | ( 40.00) |
| **277f** | **Bucket** | |
| | WB EX20HDC36<br>Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price<br>Bid Card # 5705 | 400.00 |
| 10/26/2021 | Commission | ( 40.00) |
| **277g** | **Hydraulic Hammer** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price<br>Bid Card # 1925 | 600.00 |
| 10/26/2021 | Commission | ( 60.00) |
| **277h** | **Coupler** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price<br>Bid Card # 1925 | 50.00 |
| 10/26/2021 | Commission | ( 5.00) |
| **278** | **10,000' Reel Of 1" Fiber Optic Conduit** | |
| | United Poly Systems<br>10,000 ft 1 in<br>10,000' Reel Of 1" Fiber Optic Conduit<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |



| CO #: | 5100 |
|---|---|
| Date: | 2/17/2022 |
| Page: | 9 |

| Lot# | Transaction Description | Amount | Lot# | Transaction Description | Amount |
|---|---|---|---|---|---|
| 10/26/2021 | Invoice Sale Price | 2,250.00 | **284** | **10,000' Reel Of 1" Fiber Optic Conduit** | |
| | Bid Card # 1966 | | | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/26/2021 | Commission | ( 225.00) | | | |
| **279** | **10,000' Reel Of 1" Fiber Optic Conduit** | | 10/27/2021 | Invoice Sale Price | 1,000.00 |
| | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | | | Bid Card # 1834 | |
| | | | 10/27/2021 | Commission | ( 100.00) |
| 10/26/2021 | Invoice Sale Price | 1,000.00 | **285** | **10,000' Reel Of 1" Fiber Optic Conduit** | |
| | Bid Card # 1966 | | | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/26/2021 | Commission | ( 100.00) | | | |
| **280** | **10,000' Reel Of 1" Fiber Optic Conduit** | | 10/27/2021 | Invoice Sale Price | 1,000.00 |
| | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | | | Bid Card # 1834 | |
| | | | 10/27/2021 | Commission | ( 100.00) |
| 10/26/2021 | Invoice Sale Price | 1,000.00 | **286** | **10,000' Reel Of 1" Fiber Optic Conduit** | |
| | Bid Card # 1939 | | | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/26/2021 | Commission | ( 100.00) | | | |
| **281** | **10,000' Reel Of 1" Fiber Optic Conduit** | | 10/27/2021 | Invoice Sale Price | 1,000.00 |
| | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | | | Bid Card # 1834 | |
| | | | 10/27/2021 | Commission | ( 100.00) |
| 10/27/2021 | Invoice Sale Price | 1,000.00 | **288** | **10,000' Reel Of 1" Fiber Optic Conduit** | |
| | Bid Card # 1834 | | | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/27/2021 | Commission | ( 100.00) | | | |
| **282** | **10,000' Reel Of 1" Fiber Optic Conduit** | | 10/27/2021 | Invoice Sale Price | 1,000.00 |
| | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | | | Bid Card # 1834 | |
| | | | 10/27/2021 | Commission | ( 100.00) |
| 10/27/2021 | Invoice Sale Price | 1,000.00 | **289** | **10,000' Reel Of 1" Fiber Optic Conduit** | |
| | Bid Card # 1834 | | | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | |
| 10/27/2021 | Commission | ( 100.00) | | | |
| **283** | **10,000' Reel Of 1" Fiber Optic Conduit** | | 10/27/2021 | Invoice Sale Price | 1,000.00 |
| | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | | | Bid Card # 1834 | |
| | | | 10/27/2021 | Commission | ( 100.00) |
| 10/27/2021 | Invoice Sale Price | 1,000.00 | | | |
| | Bid Card # 1834 | | | | |
| 10/27/2021 | Commission | ( 100.00) | | | |



| CO #: | 5100 |
|---|---|
| Date: | 2/17/2022 |
| Page: | 10 |

| Lot# | Transaction Description | Amount | Lot# | Transaction Description | Amount |
|---|---|---|---|---|---|
| **290** | **10,000' Reel Of 1" Fiber Optic Conduit** | | **409** | **Misc Pallet** | |
| | United Poly Systems<br>10,000 ft x 1 in<br>Location: Odessa, TX<br>Total Reserve: 250.00 | | | Location: Odessa, TX | |
| | | | 10/26/2021 | Invoice Sale Price | 200.00 |
| | | | | Bid Card # 1925 | |
| 10/27/2021 | Invoice Sale Price | 1,000.00 | 10/26/2021 | Commission | ( 20.00) |
| | Bid Card # 1834 | | **426** | **(4) Firestone Lt285/60r20 Lightly Used Tires** | |
| 10/27/2021 | Commission | ( 100.00) | | | |
| **404** | **Pallet Misc** | | | Firestone<br>LT285/60R20 125/122R<br>90% Tread<br>20" Tires<br>Location: Odessa, TX | |
| | Location: Odessa, TX | | | | |
| 10/26/2021 | Invoice Sale Price | 200.00 | 10/26/2021 | Invoice Sale Price | 425.00 |
| | Bid Card # 1925 | | | Bid Card # 5290 | |
| 10/26/2021 | Commission | ( 20.00) | 10/26/2021 | Commission | ( 42.50) |
| **405** | **Misc Pallet** | | **427** | **14, 15, 16" Spare Tires** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 200.00 | 10/27/2021 | Invoice Sale Price | 100.00 |
| | Bid Card # 1925 | | | Bid Card # 5435 | |
| 10/26/2021 | Commission | ( 20.00) | 10/27/2021 | Commission | ( 10.00) |
| **406** | **Pallet Of Filters** | | **489** | **A Frame** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 200.00 | 10/26/2021 | Invoice Sale Price | 150.00 |
| | Bid Card # 1925 | | | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 20.00) | 10/26/2021 | Commission | ( 15.00) |
| **407** | **Misc Pallet** | | **490** | **A Frame** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 200.00 | 10/26/2021 | Invoice Sale Price | 150.00 |
| | Bid Card # 1925 | | | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 20.00) | 10/26/2021 | Commission | ( 15.00) |
| **408** | **Misc Filters** | | **491** | **A Frame** | |
| | Location: Odessa, TX | | | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 200.00 | 10/26/2021 | Invoice Sale Price | 150.00 |
| | Bid Card # 1925 | | | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 20.00) | 10/26/2021 | Commission | ( 15.00) |



| | | CO #: | 5100 |
|---|---|---|---|
| | | Date: | 2/17/2022 |
| | | Page: | 11 |

| Lot# | Transaction Description | Amount |
|---|---|---|
| **492** | **A Frame** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 150. 00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 15. 00) |
| **493** | **A Frame** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 150. 00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 15. 00) |
| **494** | **A Frame** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 150. 00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 15. 00) |
| **495** | **A Frame** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 150. 00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 15. 00) |
| **496** | **A Frame** | |
| | Location: Odessa, TX | |
| 10/26/2021 | Invoice Sale Price | 150. 00 |
| | Bid Card # 1925 | |
| 10/26/2021 | Commission | ( 15. 00) |
| 11/2/2021 | Payment to Consignor - WIRE SENT AS AGREED TREY.TM | ( 28, 862. 50) |

Location: Odessa, TX
Total Reserve: 15,000.00
------------------------------------------
Unsold Lot# 218  - 2010 Cherokee 53' Stepdeck dovetail w/r
VIN: 1C92TLZ20A1001661
Spread Axle
(chains & Binders Do Not Go)
Location: Odessa, TX
Total Reserve: 10,000.00
------------------------------------------

| | |
|---|---|
| Total Quantity: | 121. 00 |
| Total Invoice Sale Price: | 224, 475. 00 |
| Total Expenses: | ( 175. 00) |
| Total Commission: | ( 22, 447. 50) |
| Total Due to Consignor: | 201, 852. 50 |
| Total Payments: | ( 28, 862. 50) |
| Balance: | $172, 990. 00 |

Positive Balance, Monies Owed to Consignor

Inventory Remaining For This Consignment Order

**COMMISSION SETTINGS**

Calculate Commission By: Consignment Order

Commission Structure Type: Incremental

Any  Amount                          10%

Unsold Lot# 62  - 20ft C Container
2017
TCSE
67,200 max lbs
012373
Location: Odessa, TX
Total Reserve: 1,500.00
------------------------------------------
Unsold Lot# 213  - 2008 Fontaine Trailer Company TriAxel Detach
VIN: 5TRE5130 2 83502692
Color: Red
Pony Motor

# EXHIBIT

# D

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 21-00737-NGH |
| IM SERVICES GROUP, LLC, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER APPROVING STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY
AND FOR APPROVAL OF CARVE OUT AGREEMENT**

Before the Court is the Stipulation for Relief from the Automatic Stay and for Approval of Carve Out Agreement (the "Stipulation") (Dkt. No. []) filed November 14, 2022, by secured creditor TBK Bank, SSB f/k/a Triumph Savings Bank, SSB d/b/a Triumph Commercial Finance ("TBK"), and Timothy R. Kurtz, Chapter 7 Trustee ("Trustee"). Based on the stipulation stated in the Motion, and pursuant to 11 U.S.C. § 362, Federal Rule of Bankruptcy Procedure 4001(d), Local Rule 4001.2, and for other good cause; **IT IS HEREBY ORDERED**:

1.      The Stipulation of TBK and Trustee as stated therein is **APPROVED**, as provided herein.

2.      The automatic stay is **MODIFIED** so as to allow TBK to proceed with its Texas Court (as defined in the Stipulation) litigation to pursue TBK's claims against Henry Alec McLarty as a guarantor of the amounts owed to TBK by Debtor.

3.      The stipulation of TBK and Trustee as to the prepetition auction proceeds being held by Machinery Auctioneers as shown in Exhibit C to the Stipulation is **APPROVED**, and the

59696.0001.15220945.2

automatic stay is **MODIFIED** so as to allow the funds being held by Machinery Auctioneers (as shown in Exhibit C to the Stipulation) to be immediately distributed to Trustee for the benefit of the estate in the amount of $32,000.00 and for Machinery Auctioneers to distribute immediately the remaining funds in the amount of $140,990.00 to TBK, with the amount of prepetition auction proceeds received by TBK to be applied against, and reduce the TBK Claim (defined in the Stipulation) by the full $172,990.00.  Machinery Auctioneers is hereby authorized and directed to immediately release the funds as stated in this Order.

4.    The stipulation of TBK and Trustee as to the collection and split of the recovery of the accounts receivable as stated in the Stipulation is **APPROVED**, as follows:

**a)**    If Trustee hires counsel to pursue the accounts receivable on a contingency fee basis, TBK and Trustee hereby stipulate and agree that the net proceeds of any recovery of accounts (after reduction of applicable contingency fees owed to counsel) will be split with 90% of the net proceeds going first to TBK and 10% of the net proceeds going to Trustee for the benefit of the estate, until the TBK Claim is paid in full;

**b)**    If counsel for Trustee is employed on an hourly basis to collect the accounts receivable, TBK and Trustee stipulate and agree that the net amount recovered from the accounts receivable (after reduction of applicable fees owed or paid to counsel) will be split 90% of all amounts recovered going first to TBK and 10% of the recovered amounts going to Trustee for the benefit of the estate, until the TBK Claim is paid in full; and

**c)**    Finally, if other counsel or other professionals are employed to collect the accounts receivable, TBK and Trustee hereby stipulate and agree that the net recovery of the accounts receivable will be split with 90% of the net proceeds going first to TBK and 10% of the net proceeds going to Trustee for the benefit of the estate, until the TBK Claim is paid in full.

5.    Trustee shall report, and shall cause its professionals to report, on the status of recovery of the accounts receivables to TBK, as requested by TBK, and shall provide TBK with any and all documentation TBK reasonably requests evidencing the amounts recovered and any

fees associated with the recovery.  The automatic stay is **MODIFIED** to allow for release of the funds collected immediately upon receipt of the funds (or upon court approval of a compromise, if approval of a compromise is required), as provided in paragraph 4 above.

6.      The stipulation of TBK and Trustee as to any future sales of the Collateral (as defined in the Stipulation) is **APPROVED**, as follows.  The net proceeds of the Collateral sales in this bankruptcy case shall be split with 90% of the net proceeds going first to TBK and 10% of the net proceeds going to Trustee for the benefit of the estate, until the TBK Claim is paid in full.  The automatic stay is **MODIFIED** to allow for these transfers immediately upon receipt of the funds.

7.      The stipulation of TBK and Trustee as to the TBK Vehicles (as defined in the Stipulation) is **APPROVED**, as follows.  TBK shall report to Trustee the sale price of any of the TBK Vehicles postpetition until there is a proposed distribution to unsecured creditors.  Upon the sale of any of the TBK Vehicles postpetition and deducting from the sales price:  (i) the credit bid by TBK for the particular vehicle; (ii) the expenses of the sale; and (iii) the expense incurred and paid by TBK to repair or store any of the sold TBK Vehicles, TBK will deduct from the TBK Claim TBK's net recovery on the particular TBK Vehicles. //end of text//

Submitted by:

/s/ Brent R. Wilson
Brent R. Wilson, ISB No. 8936
Attorney for TBK Bank, SSB

Approved as to form:

/s/ Timothy R. Kurtz
Timothy R. Kurtz
Chapter 7 Trustee